UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GAYLE STEWART,

                                Plaintiff,                      **ORDER**

      v.
                                                                        **10-CV-848S(F)**

MICHAEL ATWOOD,
BARRY BISTIS,

                                Defendants.
_____

       This action has been referred to the undersigned, a magistrate judge of this court, by order of Hon. William M. Skretny for entry of a scheduling order in accordance with Rule 16 of the Federal Rules of Civil Procedures ("Federal Rules") and Local Rule of Civil Procedure 16.1.

       Each party, including any party appearing for themselves without counsel, shall appear before the undersigned on **January 6, 2011 at 11:00 a.m.** at 310 U.S. Courthouse, 68 Court Street, Buffalo, New York for the purpose of entry of a case management order as required by Fed.R.Civ.P. 16(b).

       All parties should note that the case is subject to mandatory pretrial mediation as required by the court's Alternative Dispute Resolution Plan ("the ADR Plan") approved by the court's District Judges in their order dated August 23, 2005 as revised January 1, 2008. The parties are urged to consult the ADR Plan as revised and a related document, Alternative Dispute Resolution Procedures, copies of which are available from the Clerk of Court and on the court's website at www.nywd.uscourts.gov.

       **The parties' attention is drawn to the obligation of the parties to select a mediator in accordance with Section 5.4C of the ADR Plan, and propose to the undersigned a timetable to be included in the Rule 16 scheduling order for**

**commencing and completing the mediation. Such dates, in addition to the other relevant timetables for the pretrial phase of this case as requested herein, shall be submitted by the parties to the undersigned along with the proposed Discovery Plan for this case required by Rule 26(f) of the Federal Rules and this order. Accordingly, the parties shall consider and advise the court in the Discovery Plan regarding the extent to which, if any, discovery may be needed to facilitate the mediation required by the ADR Plan.**

<u>All parties should note significant amendments to Fed.R.Civ.P. 26, 30, 34, 37 and 45, effective December 1, 2006, that require certain pretrial disclosures and affect the scope and conduct of any discovery in this case especially with respect to electronically stored information</u>. (See attached summary.) <u>By Local Rules adopted and effective May 1, 2003, this court has modified Rules 26, 30 and 34. See Local Rules of Civ.P. W.D.N.Y. 26, 30 and 34</u>.

As required by Fed.R.Civ.P. 26(f), the parties <u>shall confer at least 21 days prior to the Rule 16(b) hearing</u> as scheduled above for (1) the purposes set forth in Rule 26(f)(2) preparation of the required Proposed Discovery Plan, and (2) to propose to the court a Case Management Order that will establish outside cut-off dates for the further progress of this case including:

      (a)    Making all disclosures as required by Fed.R.Civ.P. 26(a)(1).

      (b)    Motions to amend the pleadings or add parties.

      (c)    Commencement and completion of mediation pursuant to the ADR Plan.

      (d)    Limited discovery to facilitate mediation pursuant to the ADR Plan.

      (e)    Commencement and completion of all fact discovery.

(f) Completion of all expert discovery, if any, by each party including strict compliance with Fed.R.Civ.P. 26(a)(2) regarding the identification and filing reports of testifying experts.

(g) Motions to compel.

(h) The filing of any dispositive motions.

<u>Such proposed discovery plan and case management order shall, pursuant to Fed.R.Civ.P. 26(f), be submitted to the court in writing at least 14 days prior to the Rule 16(b) conference as herein provided</u>.  **Any failure by a party or the party's attorney to participate in good faith in the development and submission of a proposed discovery plan required by Rule 26(f) or this order may result in the award of expenses and attorney's fees to the other party caused by such failure. Fed.R.Civ.P. 37(g).**

THE PARTIES ARE REQUESTED TO CONSIDER AND ARE ENCOURAGED TO ACT FAVORABLY ON THE ATTACHED CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE IN A CIVIL CASE PURSUANT TO TITLE 28 OF THE UNITED STATES CODE, SECTION 637(c).  HOWEVER, NO SUBSTANTIVE ADVERSE CONSEQUENCES WILL RESULT SHOULD THE PARTIES ELECT NOT TO CONSENT.  IF THE PARTIES WISH TO CONSENT, <u>ALL</u> PARTIES MUST EXECUTE THE CONSENT FORM AND RETURN IT TO THE CLERK OR THE UNDERSIGNED FOR PROCESSING.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: November 22, 2010
Buffalo, New York

# UNITED STATES DISTRICT COURT
for the
Western District of New York

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| _____ | ) | |
| *Defendant* | ) | |

**NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE**

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**Reference Order**

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____                     _____
                                                                            *District Judge's signature*

                                                                            _____
                                                                            *Printed name and title*

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

Summary of Amendments to the
Federal Rules of Civil Procedure
and the Federal Rules of Evidence
Relating to Electronically Stored Information and
Privileged and Work Product Matters

(1)   Changes, effective December 1, 2006, apply to all pending cases and newly filed cases.

(2)   Rule 26(a)(1)(A) – (D) mandates voluntary disclosure of specific categories of information including electronically stored information, *see* Rule 26(a)(1)(A)(ii), in all cases except those exempted under Rule 26(a)(1)(E), *e.g.*, social security appeals and prisoner civil rights cases, at or within 14 days after the conference between the parties required by Rule 26(f) to develop a written Discovery Plan, unless stipulated or ordered otherwise, or unless a party objects in the Discovery Plan.

(3)   Parties to confer as soon as practicable and at least 21 days prior to scheduled Rule 16(b) conference to consider claims and defenses, possible early settlement or resolution of case, to make or arrange for disclosures mandated by Rule 26(a)(1)(A) – (D), and to prepare for submission to the court a proposed Discovery Plan covering the matters set forth in Rule 26(f)(1) – (6), including discovery of electronically stored information and issues of claims of privilege and work product protection. Such Discovery Plan must be submitted to the court, in writing, within 14 days after the conference required by Rule 26(f).

(4)   At the Rule 26(f) conference the parties should address, with the assistance of their respective information management system personnel, preservation and the format(s) for production of any electronically stored information which may be subject to discovery requests in the case.

(5)   No discovery permitted before parties have conferred to propose a written Discovery Plan unless permitted by court order or by agreement of the parties. Rule 26(d).

(6)   Discovery at the request of a party is limited to a claim or defense. Discovery related to a matter relevant to subject matter of the action available only upon court order for good cause. Rule 26(b)(1). As amended, Rule 26(b)(2)(B) establishes limitations on the discovery of electronically stored information.

(7)   Interference with the conduct of a deposition by instructing a witness not to answer a question is sanctionable misconduct unless the instruction is to preserve a privilege or enforce a limitation under Rule 30(d)(4). Rule 30(d)(1) and (3). Objections must be stated concisely and in a non-argumentative and non-suggestive manner. Rule 30(d)(1).

(8)   Assertions of a privilege and attorney work product including retrieval of inadvertently disclosed information subject to a privilege or work product protection are governed by Fed.R.Civ.P. 26(b)(5) and newly enacted Fed.R.Evid. 502 which the parties should carefully consult prior to the Rule 26(f) conference.