UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GAYLE STEWART,                                              **REPORT**
                                                                              **and**
                                      Plaintiff,            **RECOMMENDATION**

            v.                                             **----------------------------**
                                                           **DECISION**
MICHAEL ATWOOD and                                         **and**
BARRY BISTIS,                                              **ORDER**

                                      Defendants.          **10-CV-00848S(F)**

_____

APPEARANCES:            FRIED & KLAWON
                        Attorneys for Plaintiff
                        WAYNE I. FREID, of Counsel
                        17 Beresford Court
                        Williamsville, New York 14221

                        RUBIN, FIORELLA & FRIEDMAN LLP
                        Attorneys for Defendant Atwood
                        JAMES E. MERCANTE, of Counsel
                        292 Madison Avenue
                        New York, New York 10017

                        McGEE & GELMAN
                        Attorneys for Defendant Bistis
                        F.  BRENDAN BURKE, JR., of Counsel
                        200 Summer Street
                        Buffalo, New York 14222

                        WEBSTER SZANYI LLP
                        Attorneys for Movant Healthnow New York Inc.
                        DONALL GERARD O'CARROLL, of Counsel
                        1400 Liberty Building
                        Buffalo, New York 14202

## <u>JURISDICTION</u>

This case was referred to the undersigned by Honorable William M.  Skretny on

November 15, 2010, for pretrial nondispositive motions.  The matter is presently before

the court on a motion filed April 4, 2011, by Healthnow New York Inc. to intervene[1]

(Doc. No.14).

## BACKGROUND and FACTS[2]

On September 22, 2007, Plaintiff Gayle Stewart ("Plaintiff" or "Stewart"),

sustained personal injuries while a guest upon "Telos," a boat owned and captained by

Defendant Michael Atwood ("Atwood"), the Telos lost steering capability, and another

boat, the "Watermark," owned and captained by Defendant Michael Bistis ("Bistis"),

attempted to assist in towing the Telos ("the accident").  The accident occurred in Lake

Erie within the continental boundary of the United States.  At all time relevant to this

action, Plaintiff has been a participant in a healthcare plan ("insurance policy")

administered by HealthNow New York Inc. ("HealthNow" or "Movant") pursuant to an

Employee Welfare Benefit Plan through Plaintiff's employer, Ingram Micro Inc., a locally

headquartered software and computer technology reseller.  Pursuant to the terms of the

insurance policy, HealthNow has paid in excess of $ 12,000 for certain medical, surgical

and other healthcare benefits Plaintiff received in treatment for Plaintiff's injuries

sustained in the accident.

The insurance policy contains a "Rider for Subrogation Rights" ("Subrogation

---

[1] Although motions to intervene are considered non-dispositive, *International Chemical Corporation v. Nautilus Insurance Company*, 2010 WL 3010101, at *1 n. 1 (W.D.N.Y. Aug. 3, 2010 (citing cases), because the undersigned is recommending, *sua sponte*, remanding the action for lack of federal subject matter jurisdiction, which is dispositive, *Williams v.  Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008 (holding a motion to remand is dispositive under Fed.R.Civ.P. 72), both issues are addressed in a combined Report and Recommendation and Decision and Order.

[2] The Facts are taken from the pleadings and motion papers filed in this action.

Rider")[3] providing, as relevant, that in the event the insured in injured in an accident for which another party is responsible, and HealthNow has paid health insurance benefits as a result of that injury, HealthNow "will be subrogated and succeed to the right of recovery against the party responsible" for the injury to the extent of health insurance benefits paid by HealthNow.  Subrogation Rider ¶ 1.  The Subrogation Rider further provides HealthNow is entitled to be reimbursed for any health insurance benefits paid by HealthNow, from any settlement or judgment funds received by the insured from the party responsible for the insured's injuries, provided the settlement or judgment received "specifically identifies or allocates monetary sums directly attributable to expenses for which we have paid benefits."  *Id*.

Plaintiff commenced this action in New York Supreme Court, Erie County, on September 22, 2010, seeking to recover for personal injuries sustained in the September 22, 2007 boating accident.  Plaintiff and Atwood are both residents of New York, whereas Bistis is a resident of South Carolina.  In view of the absence of the requisite complete diversity necessary for jurisdiction under 28 U.S.C. § 1332(a), on October 26, 2010, Atwood removed the action to this court, asserting Plaintiff's allegations comprise a maritime claim within this court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333.  The Notice of Removal (Doc. No. 1) ("Removal Petition"), states that Bistis consented to the removal.  Removal Petition ¶ 6.[4]  Plaintiff did not challenge the removal.

---

[3] A copy of the Subrogation Rider is attached as Exhibit C to the motion to intervene (Doc. No. 14).

[4] The Removal Petition contains two paragraphs numbered "6."  The reference to Bistis's consent is to the first paragraph numbered "6."

3

Atwood's answer, filed November 15, 2010 (Doc.  No.  2) ("Atwood's Answer"),

asserts as his Fourth Affirmative Defense that Atwood is, pursuant to the Limitation of

Liability Act of 1851, 46 U.S.C. § 30501 *et seq.* ("Limitation of Liability Act" or "the Act"),

entitled to exoneration from or limitation of liability up to the value of the Telos, and

asserts a crossclaim against Bistis for indemnification and contribution.  Similarly,

Bistis's Answer, filed December 14, 2010 (Doc.  No.  5) ("Bistis's Answer"), asserts as

his Ninth Affirmative Defense, that Bistis also is, pursuant to the Act, entitled to

exoneration from or limitation of liability to the extent of the value of the Watermark, and

asserts a crossclaim against Bistis for indemnification and contribution.

On April 14, 2011, Movant HealthNow filed a motion to intervene in this action

(Doc.  No.  14) ("motion to intervene"), supported by the attached Declaration of Donall

O'Carroll ("O'Carroll Declaration"), exhibits A through D ("Movant's Exh(s). __"), and the

Memorandum of Law in Support of Motion to Intervene by HealthNow New York, Inc.

("Movant's Memorandum").  By Order filed April 22, 2011 (Doc. No. 15), the parties

were directed to file their responses to the motion to intervene by May 13, 2011, and

any replies were to be filed by May 20, 2011.

On May 24, 2011, Plaintiff and Bistis filed a Stipulation of Dismissal as to

Defendant Bistis (Doc. No. 16) ("Stipulation of Dismissal"), based on settlement.  By

text order entered May 26, 2011 (Doc. No. 17), the Stipulation of Dismissal was "So

Ordered" by Chief District Judge Skretny.

By letter to the undersigned dated June 17, 2011 (Doc. No. 18) ("June 17, 2011

Letter"), Bistis advised that Judge Skretny's approval of the Stipulation of Dismissal

rendered the pending motion to intervene moot as to Bistis.  By letter to the

4

undersigned dated June 21, 2011 (Doc. No. 19) ("June 21, 2011 Letter"), Movant

disputed Bistis's assertion that the motion to intervene was moot as to Bistis on the

ground that the motion to intervene was pending when the Stipulation of Dismissal,

which does not purport to dismiss HealthNow's claims against Defendants, was filed,

and that HealthNow, which is not a party to this action, was not aware of any settlement

between Plaintiff and Bistis and thus was unable to secure its purported subrogation

claim against Bistis. June 21, 2011 Letter at 1.  Movant further asserts that because an

insurer's claims for amounts paid by it are divisible and independent of the insured's

claim for uninsured losses, the fact that Bistis has settled with Pliantiff does not negate

Movant's right to pursue its subrogation claims against Bistis as a tortfeasor.  *Id*. at 2.

Oral argument was deemed unnecessary.

    Based on the following, the action should be REMANDED to New York Supreme

Court, Erie County for lack of subject matter jurisdiction, and Movant's motion to

intervene (Doc. No. 14), dismissed as moot.  Alternatively, Movant's motion to intervene

(Doc. No. 14) is DENIED.


<u>**DISCUSSION**</u>

**1.     Jurisdiction**

    Defendants, in removing the instant action to this court, asserted that Plaintiff

has essentially alleged a maritime claim within this court's admiralty jurisdiction under

28 U.S.C. § 1333.  Plaintiff did not seek remand or otherwise challenge the removal,

and the 30 days in which to do so has now expired except for remand based on lack of

subject matter jurisdiction.  28 U.S.C. § 1447(c).  Regardless of whether the issue is

raised by the parties, a district court is required to inquire into and determine whether federal subject matter jurisdiction in a removed action exists. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 295-96 (2d Cir. 2000). *See also College Standard Magazine v. Student Association of State University of New York at Albany*, 610 F.3d 33, 35 (2d Cir. 2010) (federal courts, including district courts, "'have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*.'" (quoting *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006))). Such obligation equally applies to removal based on admiralty jurisdiction. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp, Division of Ace Young Inc.*, 109 F.3d 105, 108 (2d Cir. 1997) (remanding action to district court to determine whether admiralty jurisdiction existed, despite absence of any challenge by parties to such jurisdiction). Unlike personal jurisdiction, the lack of federal subject matter jurisdiction for a removed action cannot be waived by either party, and may be raised at any time, either on motion, or *sua sponte* by the court. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996).[5]

---

[5] Although the Removal Petition stated that all parties consented to removal, the record does not support this assertion. Generally, the rule of unanimity requires that all named defendants upon whom service of the summons and complaint has been made, consent to the removal of the action to federal district court. *Chicago R.I. & P.R. Co. v. Martin*, 178 U.S. 245, 248 (1900). *See also Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381, 393 (1998) (Kennedy, J., concurring) ("[r]emoval requires the consent of all of the defendants" (citing *Martin*, 178 U.S. at 248)); *Piacente v. State University of New York at Buffalo*, 362 F.Supp.2d 383, 384 n. 2 (W.D.N.Y. 2004) (noting the "rule of unanimity" requires all served defendants to consent to removal within the statutory 30-day period in which removal may be made). Each named defendant who is served must timely file with the court "'some form of unambiguous written evidence of consent to removal.'" *Id.* (quoting *Ricciardi v. Kone, Inc.*, 215 F.R.D. 455, 458 (E.D.N.Y. 2003). Here, Plaintiff has not challenged the removal based on the failure to Bistis to separately file a statement indicating Bistis consents to the removal, nor is it clear from the record that Bistis was served prior to the removal and, thus, required to indicate his consent by filing an unambiguous writing indicating such consent. Nevertheless, 28 U.S.C. § 1447(c) requires that all motions to remand, other than those challenging subject matter jurisdiction, be made within 30 days of the filing of the notice of removal. As such, the time in which to move for remand based on the failure of all served defendant to join in removal, has long since elapsed, and remand may not be directed on that basis.

In removing the instant action to this court, Atwood asserts Plaintiff's allegations comprise a maritime claim within this court's admiralty jurisdiction under 28 U.S.C. § 1333, pursuant to which "federal jurisdiction exists in '[a]ny civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled.*'" *Voytovich v. 1111 Fuhrman Boulevard, Inc.*, 2003 WL 21919461, at * 1 (W.D.N.Y. July 25, 2003) (italics added and quoting 28 U.S.C. § 1333(1)). The "saving to suitors" clause thus "permits plaintiffs to seek common law remedies to which they may be entitled; plaintiffs are thus entitled to proceed in state court." *Id*. (citing *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 443-54 (2001)).[6] A plaintiff injured in a maritime accident thus may elect to bring a state common law claim in state court, or a maritime claim in federal court pursuant to admiralty jurisdiction. *J. Aron & Company v. Chown*, 894 F.Supp. 697, 698 (S.D.N.Y. 1995) ("'plaintiffs with a common law claim arising from a transaction over which a federal court would have admiralty jurisdiction may either avail themselves of federal admiralty jurisdiction or sue at law in state court.'" (quoting *McAllister Brothers, Inc. v. Ocean Marine Indemnity Co.*, 742 F.Supp. 70, 75 (S.D.N.Y. 1989))). Further, the Second Circuit Court of Appeals has specifically stated that

> Common law maritime cases filed in state court are not removable to federal court, due to 28 U.S.C. § 1333's "saving to suitors" clause. Dating back to the

---

[6] There is no right to a jury trial in actions instituted in admiralty. *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 20 (1963); *In re Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 755 (2d Cir. 1988); Fed.R.Civ.P. 38(e). As such, "'[t]he privilege of prosecuting maritime causes of action in nonadmiralty courts, conferred by the 'saving to suitors' clause, has always been of particular importance in personal injury and death actions in which the plaintiffs prefer to have the damages assessed by a jury.'" *Complaint of Great Lakes Dredge & Dock Company*, 895 F.Supp. 604, 608-09 (S.D.N.Y. 1995) (quoting Grant Gilmore & Charles L. Black, Jr., *The Law of Admiralty* §§ 1-13, 6-62 (2d ed. 1975).

Judiciary Act of 1789, this clause preserves a plaintiff's right to a state court forum in cases arising under the common law of the sea.

*Pierpoint v. Barnes*, 94 F.3d 813, 816 (2d Cir. 1996) (citing *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 363 (1959) ("common-law remedies were, under the saving clause, enforcible in the courts of the States and on the common-law side of the lower federal courts when the diverse citizenship of the parties permitted"); and 14 Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 3673 (1985)).

Here, because the citizenship of the parties is not diverse, jurisdiction over the action in this court would exist only in admiralty. Although Plaintiff could have chosen to present her claims as maritime torts under admiralty jurisdiction in this court, she elected to sue only pursuant to New York common law, negligence, in state court, as permitted by the "saving to suitors" clause, thereby depriving this court of admiralty jurisdiction and barring its removal. *J. Aron & Company*, 894 F.Supp. at 698 (holding the effect of the plaintiff's "irrevocable election to proceed at common law" by filing breach of contract action in state court, pursuant to the saving to suitors clause, was to deprive the district court of admiralty jurisdiction over the action, even though the action could have been pleaded as a maritime claim and filed in district court pursuant to its original admiralty jurisdiction). Accordingly, the instant action was not removable to this court, which is otherwise without federal subject matter jurisdiction over the claims.

Nor is federal subject matter jurisdiction created by the fact that Atwood and Bistis each asserted in their respective answers an affirmative defense pursuant to the Limitation of Liability Act, entitling each to exoneration from or limitation of liability to the value of, respectively, the Telos and the Watermark. The Act provides that "a vessel owner faced with potentially large liability arising from a collision may apply to the *district court* for a determination of whether exoneration or limitation is appropriate."

8

*Great Lakes Dredge & Dock Company*, 895 F.Supp. at 608 (italics added and citing

Rule F of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset

Forfeiture Actions ("Rule F")).  Application for a determination of Rule F limitation on

liability may be obtained by filing a complaint in the appropriate district court "[n]ot later

than six months after receipt of a claim in writing. . . ."  Rule F(2).  Unfortunately for

Defendants, neither applied for such a determination pursuant to Rule F, and the six-

month period in which such application may be made, *i.e.*, triggered by receipt of the

written Complaint, has since elapsed.[7]

    Nor has either Defendant, by pleading as an affirmative defense a limitation of

liability under the Limitation of Liability Act, created federal subject matter jurisdiction to

support the removal to this court.  Rather, "[t]o remove a case as one falling within

federal-question jurisdiction, the federal question ordinarily must appear on the face of

a properly pleaded complaint; an anticipated or actual federal defense generally does

not qualify a case for removal."  *Jefferson County, Alabama v. Acker*, 527 U.S. 423,

430-31 (1999) (citing *Louisville & Nashville R.R. Co. v. Motley*, 211 U.S. 149, 152

(1908) ("a suit arises under the Constitution and laws of the United States only when

the plaintiff's statement of his own cause of action shows that it is based upon those

laws of that Constitution.  It is not enough that the plaintiff alleges some anticipated

defense to his cause of action . . . .")).

    Accordingly, the action should be REMANDED to New York Supreme Court, Erie

---

[7] Although it is not clear from the record when either Defendant was served with the Complaint, the court notes that in both Atwood's Answer, filed on November 15, 2010, and Bistis's Answer, filed on December 14, 2010, each allegation of the Complaint is separately addressed, establishing that Defendants were in receipt of the Complaint when their respective answers were prepared and filed, *i.e.*, well past the mandatory six-month period.

County, for lack of federal subject matter jurisdiction.

## 2.    Intervention

Should the District Judge disagree with the recommendation that this matter be remanded to state court for lack of subject matter jurisdiction and the case therefore remain lodged in this court, the undersigned, alternatively, and in the interest of completeness, addresses the motion to intervene.

Movant HealthNow seeks to intervene to preserve its subrogation rights pursuant to the insurance policy's Subrogation Rider.  HealthNow asserts it is entitled to mandatory intervention, pursuant to Fed.R.Civ.P. 24(a), as well as permissive intervention pursuant to Fed.R.Civ.P. 24(b).  Neither Plaintiff nor Atwood filed any response to the motion to intervene, although Bistis advised that Judge Skretny's approval of the Stipulation of Dismissal rendered the pending motion to intervene moot as to Bistis.  June 17, 2011 Letter.  Movant disputes Bistis's assertion that the Stipulation of Dismissal has rendered the motion to intervene moot as to Bistis because the motion to intervene was pending when the Stipulation of Dismissal was filed, that HealthNow, who is not a party to this action, was not aware of any settlement between Plaintiff and Bistis, June 21, 2011 Letter at 1, and the fact that Bistis has settled with Plaintiff does not bar Movant's right to pursue its subrogation claims against Bistis as a tortfeasor.  *Id*. at 2.

As relevant to the instant case, Rule 24(a) governs intervention as of right and provides

(a)  Intervention of Right.  *On timely motion*, the court must permit anyone to

> intervene who . . . (2) claims an interest relating to the property or transaction
> that is the subject of the action, and is so situated that disposing of the action
> may as a practical matter impair or impede the movant's ability to protect its
> interest, unless existing parties adequately represent that interest.

Fed.R.Civ.P. 24(a)(2) (italics added).

Alternatively, Rule 24(b), pertaining to permissive intervention provides in pertinent part

> (b) Permissive Intervention.
> > (1) In General. *On timely motion*, the court may permit anyone to
> > intervene who . . . (B) has a claim or defense that shares with the
> > main action a common question of law or fact.

Fed.R.Civ.P. 24(b)(1) (italics added).

As stated, HealthNow moves to intervene to pursue a subrogation claim against the

parties to recover, through subrogation and reimbursement, for the health benefits

HealthNow has paid to Plaintiff for treatment of the injuries Plaintiff sustained as a

result of the accident, which is the subject of Plaintiff's claim against Defendants in this

personal injury action.[8]

   "'Subrogation is the right one party has against a third party following payment, in

whole or in part, of a legal obligation that ought to have been met by the third party.'"

*Allstate Insurance Co. v. Mazzola*, 175 F.3d 255, 258 (2d Cir. 1999) (quoting 2 Allan D.

Windt, *Insurance Claims and Disputes* § 10.05 (1995)).  "The doctrine of equitable

subrogation allows insurers to 'stand in the shoes' of their insured to seek

indemnification by pursuing any claims that the insured may have had against third

parties legally responsible for the loss."  *Id*. (citing *Winkelmann v. Excelsior Insurance*

---

[8] While the court has recommended remand for lack of subject matter jurisdiction, regardless of whether the case is remanded pursuant to the saving to suitors clause, or remains in this court as a diversity action for negligence, New York law will apply to Movant's right to intervene based on the grounds asserted by Movant in support of intervention.

*Co.*, 650 N.E.2d 841, 843 (N.Y. 1995); and 16 George J.  Couch *et al.*, *Couch on Insurance 2d* § 61:1 (2d rev. ed. 1983 & Supp. 1988)).  "In short, one party known as the subrogee is substituted for and succeeds to the rights of another party, known as the sugrogor."  *Id*.  Based upon principles of equity, the doctrine of subrogation "has a dual objective as stated by New York courts:

> It seeks, first, to prevent the insured from recovering twice for one harm, as it might if it could recover from both insurer and from a third person who caused the harm, and second, to require the party who has caused the damage to reimburse the insurer for the payment the insurer has made.

*Id*.  (quoting *Winkelmann*, 650 N.E.2d at 843 (citations omitted)).

> It is so well settled as not to require discussion that an insurer who pays claims against the insured for damages caused by the default or wrongdoing of a third party is entitled to be subrogated to the rights which the insured would have had against such third party for its default or wrongdoing . . . [and] to enforce these rights by an action in its own name without joining the insured as a party.  This right of subrogation is based upon principles of equity and natural justice.  We recognize at once the fairness of the proposition that an insurer who has been compelled by his contract to pay to or in behalf of the insured claims for damages ought to be reimbursed by the party whose fault has caused such damages. . . ."

*Allstate Insurance Company v. Stein*, 807 N.E.2d 268, 272 (N.Y. 2004) (quoting *Ocean Accident & Guarantee Corporation v.  Hooker Electro-Chemical Co.*, 147 N.E. 351, 353 (N.Y. 1925)).

Because timeliness is required for both mandatory and permissive intervention, a determination that the application to intervene is untimely dispenses with the need to address the remaining three requirements.  *Associated Builders and Contractors, Inc. v. Herman*, 166 F.3d 1248, 1257 (D.C.Cir. 1999) ("If the motion was not timely, there is no need for the court to address the other factors that enter into an intervention analysis.").  Here, the subrogation claim HealthNow seeks to assert by intervention is governed by the same three-year statute of limitations applicable to the personal injury

action Plaintiff commenced in state court against Defendants.  *See Stein*, 807 N.E. at

271 & n. 1 (citing N.Y. C.P.L.R. 214(5) (imposing three-year statute of limitations for

most personal injury accidents, and observing a subrogation claim based on a personal

injury accident is subject to the same statute of limitations applicable to a claim based

on the incident giving rise to the subrogation claim).  In other words, the statute of

limitations in a subrogation action by an insurance company, as subrogee of an insured

to whom the insurer had paid health insurance benefits for injuries sustained in an

accident, runs from the date of the accident rather than from the date the benefits were

first paid.  *Stein*, 807 N.E.2d at 272.  Moreover, "'[a] motion to intervene filed after the

statute of limitations had run for the movant would not be timely.'" *New Jersey*

*Carpenters Health Fund v. DLJ Mortgage Capital, Inc.*, 2010 WL 6508190, at * 1

(S.D.N.Y. Dec. 15, 2010) (quoting *Ceribelli v. Elghanayan*, 1994 WL 529853, at *3

(S.D.N.Y. Sept. 28, 1994)).

      In the instant case, the accident for which Plaintiff sues occurred on September

22, 2007.  Accordingly, the three-year period for the subrogation claim for which

HealthNow seeks to intervene to assert also accrued on September 22, 2007, and the

three year limitations period applicable to such claim expired on September 22, 2010,

more than six months before HealthNow filed its motion to intervene on April 14, 2011.

As such, the motion to intervene is not timely under either Rule 24(a) (intervention as of

right), or 24(b) (permissive intervention).  Moreover, permitting intervention where, as

here, the statute of limitations on the subrogation claim would prevent it from being filed

as a separate action would be to allow the time-barred claim in through the 'back door.'

*See United States v. California*, 507 U.S. 746, 758-59 (1993) (although United States

had subrogation right to contractor's claims against the state, the federal government was not subrogated to a right free of a preexisting infirmity, *i.e.*, the passage of the applicable statute of limitations which had run almost six years prior to filing subrogation action).

Furthermore, insofar as the Subrogation Rider provides that HealthNow is entitled to be reimbursed by Plaintiff, as the insured, for any benefits HealthNow paid for treatment of Plaintiff's injuries, from any funds in settlement or judgment Plaintiff receives from the party responsible for her injuries, Subrogation Rider ¶ 1, such claim would be in equity for constructive trust and would not yet be time-barred.[9]  "'A constructive trust is the formula through which the conscience of equity finds expression.  When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.'"  *Dolmetta v. Uintah National Corporation*, 712 F.2d 15, 18 (2d Cir. 1983) (quoting *Beatty v. Gugenheim Exploration Co.*, 122 N.E.2d 378 (N.Y. 1919)).  "Since a cause of action for a constructive trust is one 'for which no limitation is specifically prescribed by law,' it is governed by New York's six-year statute of limitations."  *Dolmetta*, 712 F.2d at 18 (quoting N.Y C.P.L.R. § 213[1] (McKinney 1972)).  Further, the accrual of a claim for constructive trust "runs from the occurrence of the wrongful act or event which creates a duty of restitution.'"  *Id.*  (citing *Scheuer v.*

---

[9]  Furthermore, the Subrogation Rider limits HealthNow's ability to recover in equity from funds received in settlement or judgment only if such settlement or judgment "specifically identifies or allocates monetary sums directly attributable to expenses for which we have paid benefits."  Subrogation Rider ¶ 1. Because no copy of the settlement agreement between Plaintiff and Bistis is in the record, the court is unable to state whether a claim in equity for imposition of a constructive trust against any settlement funds Plaintiff received from Bistis would be viable.

*Scheuer*, 126 N.E.2d 555 (N.Y. 1955)).  Because HealthNow's construction trust claim

based on restitution must be sought from Plaintiff, HealthNow would have to assert a

claim for constructive trust against any funds that come into Plaintiff's possession as a

result of Plaintiff's personal injury action against Defendants.  *See Great-West Life &*

*Annuity Insurance Company v. Knudson*, 534 U.S. 204, 213 (2002) (recognizing an

equitable restitution claim seeks to impose a constructive trust or equitable lien on

"particular funds or property in the defendant's possession." (citations omitted)); *Nechis*

*v. Oxford Health Plans, Inc.*, 421 F.3d 96, 103 (2d Cir. 2005) (affirming district court's

dismissal of plaintiffs' claim seeking to impose constructive trust on funds, health care

insurance premiums paid by plaintiffs to defendant insurance company, which plaintiffs

maintained were in defendant's possession only because defendant had wrongly

denied to pay plaintiffs' insurance claims, because plaintiffs failed to establish such

funds could clearly be traced back to any particular funds in the defendant's

possession).

    In the instant case, HealthNow could not assert a cause of action for constructive

trust against Plaintiff until and unless Plaintiff receives money damages from either

Defendant through settlement, such as with Bistis, or as the result of a trial in Plaintiff's

favor against Atwater, and then fails to reimburse HealthNow for the health insurance

benefits HealthNow has paid for treatment of Plaintiff's injuries in accordance with the

insurance policy.  *See Dolmetta*, 712 F.2d at 18 (cause of action for imposition of

constructive trust runs from occurrence of event or wrongful act creating duty of

restitution).  Even if Plaintiff has already received a monetary sum from Bistis in

settlement of Plaintiff's claims against Bistis, as anticipated in accordance with the

Stipulation of Discontinuance, given that less than six years have elapsed since the Stipulation of Discontinuance was filed, HealthNow could yet pursue an action against Plaintiff in state court[10] to impose a constructive trust on such funds.

HealthNow's motion to intervene is, therefore, DENIED.[11]

## CONCLUSION

Based on the foregoing, the action should be REMANDED to New York Supreme Court, Erie County, for lack of subject matter jurisdiction, and Movant's motion to intervene (Doc. No. 14) is DISMISSED as moot.  Alternatively, Movant's motion to intervene (Doc. No. 14) is DENIED.

---

[10] The court notes that, is such an action were pursued in this court, diversity jurisdiction would be lacking.  *See* Complaint (attached to Removal Petition), ¶ 1 ("Plaintiff, Gayle K. Steward, is an individual residing in the County of Erie and State of New York."); Complaint in Intervention (Movant's Exh. A), ¶ 1 ("HealthNow is a corporation organized and exiting under the laws of the State of NewYork with its principal place of business at 257 West Genesee Street, Buffalo in the County of Erie, New York.).

[11] HealthNow, in reply to the June 17, 2011 Letter in which Bistis advised the court that because Bistis had settled with Plaintiff, the motion to intervene is moot as to Bistis, suggests Bistis may be relying on New York's "anti-subrogation law," N.Y. Gen. Oblig. Law § 5-335 (McKinney 2009), in asserting that Bistis's settlement with Plaintiff has extinguished HealthNow's subrogation rights against Bistis.  June 21, 2011 Letter at 2.  In opposition to such anticipated argument, HealthNow references another action filed in this court, *HealthNow New York Inc. v. State of New York*, 10-CV-00345S, and then pending before the Second Circuit Court of Appeals on appeal from the Chief District Judge's order dismissing the action for lack of subject matter jurisdiction.  June 21, 2011 Letter at 2.  In particular, HealthNow advised that although the impact of the anti-subrogation law was not reached in that action, the issue was discussed in legal memoranda filed by the parties to that action, as well as by several *amicus curiae*.  *Id.*  HealthNow specifically asserts that the subject insurance policy qualifies as a welfare benefit plan under the Employee Retirement Income Security Act of 1974 ("ERISA"), which preempts New York's anti-subrogation law, and requests permission to file in this action a memorandum of law regarding the issue should the court decide to address the viability of the anti-subrogation clause under ERISA.  *Id.*  The issue of subrogation is, however, moot either because, as recommended by the undersigned, the action should be remanded for lack of subject matter jurisdiction or, alternatively, because any subrogation claim HealthNow could assert is time-barred.  Discussion, *supra*, at 12-14.  As such, the anti-subrogation law, which presupposes an enforcible claim based on subrogation, is not addressed.

RESPECTFULLY SUBMITTED, as to the recommendation, *sua sponte*, that the action be remanded to New York Supreme Court, Erie County, for lack of subject matter jurisdiction,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

SO ORDERED, as to the  motion to intervene.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      October 27, 2011
            Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      October 27, 2011
            Buffalo, New York

18